MARCUS G. TIGGS, Bar Number 137467
**BAYER, WISHMAN & LEOTTA**
888 S. Figueroa Street, Ste 1970
Los Angeles, CA. 90017
Tel. 213-629-8801
Fax. 213-629-8802

Attorney for Plaintiffs

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DANIEL PATRICK CARR,<br>      Debtor.<br><br>WENDY L KRAUSE, individually, and STEVEN C. KRAUSE, Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust,<br>      Plaintiffs,<br>v.<br>DANIEL PATRICK CARR,<br>      Defendant. | Chapter 7<br><br>Adv. No.<br><br>Case No.: SV05-21066 KT<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§523(a)(2)(A); 523(a)(4); and 523(a)(6)<br><br>Date: [to be set]<br>Time: [to be set]<br>Place: Courtroom 301<br>    21041 Burbank Blv<br>    Woodland Hills, California |

  Plaintiffs, WENDY L KRAUSE, individually, and STEVEN C. KRAUSE, Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust, by and through their counsel of record, MARCUS G. TIGGS, a member of BAYER WISHMAN & LEOTTA, hereby alleges:

## JURISDICITION, VENUE AND PARTIES

  1. The court has jurisdiction in this adversary proceeding pursuant to 28 USC §1334(b), 28 USC §1334; 28 USC §157; and 11 U.S.C. §523. This within titled complaint involves a Core Proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and (J).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3. DANIEL PATRICK CARR ("CARR" or "Defendant") is an individual and the debtor in the herein Chapter 7 case. The Chapter 7 case was filed on 14 October 2005; AMY L. GOLDMAN was appointed as the permanent Chapter 7 Trustee.

4. WENDY L KRAUSE ("KRAUSE" or "Plaintiff") is an individual and was listed by CARR as an unsecured creditor relating to a Los Angeles County Superior Court judgment obtained by KRAUSE against CARR.

5. STEVEN C. KRAUSE is the Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust (the "Trust" or "Plaintiff"). CARR listed the Trust as an unsecured creditor relating to a Los Angeles County Superior Court judgment ("State Court Judgment") obtained by the Trust against CARR.

## STATE COURT JUDGMENT

6. On or about 22 April 2003, Plaintiffs brought a civil lawsuit against Defendant, titled Wendy L. Krause, Individually, and Steven C. Krause, Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust v. Carr (LASC case no. BC294458). The causes of action were: first, for Quite Title [re: certain parcels of real property (1705 California Trail, 1705 California Trail and 1700-1705 Topanga Canyon Blv, Topanga, CA] ("the properties"); second, for Fraud; third, for Trespass; fourth, for Conversion of the properties and personal property; fifth, for Assault; sixth, for Intentional Inflection of Emotional Distress; seventh, for Injunctive Relief; eighth, for Declaratory Relief; ninth, for Undue Influence; tenth, for Breach of Fiduciary Duty; eleventh, that Defendant is not a Bonafide Purchaser; and Punitive Damages.

7. After trial in the State Court, the Honorable Ricardo Torres, Judge of the Superior Court entered judgment in favor of Plaintiff on all causes of action, except the fifth and a portion of the ninth causes of action as it related to negligence (Attached as Exhibit 1 is a true and correct certified copy of the State Court Judgment).

8. The monetary portion of the State Court Judgment against CARR is for the sum of $250,000.00 ($200,000.00 general damages and $50,000.00 punitive damages), to which none has been paid.

**FIRST CLAIM FOR RELIEF**

(For Non-Discharegability of Debt Pursuant to 11 U.S.C. §523(a)(2)(A))

9.  Plaintiffs reallege and incorporates herein by reference, each and every allegation within paragraphs 1 through 8, inclusive of this complaint, as if set forth in full herein.

10. On or about January 2003, Defendant made a promise of material fact to KRAUSE that Defendant would put the properties in Defendants name for only a short period of time and then would returns the properties to KRAUSE. Defendant did not intend to perform the promise.

11. The promise was made with the intent to defraud plaintiffs in that the promise was made for the purpose of inducing KRAUSE to rely upon it.

12. KRAUSE relied upon the promise the properties would be returned and such reliance was reasonable and justified.

13. As a result of the reliance upon Defendants promises, plaintiffs sustained damages insofar as the properties were transferred from the Trust by false deeds.

**SECOND CLAIM FOR RELIEF**

(For Non-Discharegability of Debt Pursuant to 11 U.S.C. §523(a)(4))

14. Plaintiffs reallege and incorporates herein by reference, each and every allegation contained within paragraphs 1 through 13 of this complaint, as if set forth in full herein.

15. On or about February 2002, Defendant befriended KRAUSE. At that same time, Defendant had KRAUSE give defendant a general power of attorney, to which Defendant signed on or about February 2002.

16. Upon Defendant signing the above mentioned power of attorney, a fiduciary relationship was created between Defendant and KRAUSE.

17. Subsequent to the signing of the power of attorney, Defendant fraudulently caused the properties to be transferred to Defendant.

## THIRD CLAIM FOR RELIEF

(For Non-Discharegability of Debt Pursuant to 11 U.S.C. §523(a)(6))

18. Plaintiffs reallege and incorporates herein by reference, each and every allegation contained within paragraphs 1 through 17 of this complaint, as if set forth in full herein.

19. On or about 2002, Defendant befriended KRAUSE. As a result of an accident KRAUSE was in a great amount of pain and under pressure associated with a tremendous amount of medical bills. Defendant gave KRAUSE drugs, including valium and got KRAUSE, over a period of time gaining the trust of KRAUSE, eventually got KRAUSE to sign the power of attorney.

20. The actions of Defendant were reasonably contemplated to cause the injury suffered by Plaintiffs, insofar as it was willful and malicious.

21. Defendant's fraudulent conduct was intentional; outrageous and with reckless disregard of the likelihood KRAUSE would suffer emotional distress to which it did in fact inflect great emotion distress.

WHEREFORE, Plaintiffs pray judgment on all claims for relief against Defendant as follows:

a. That the judgment entered in the State Court action be determined to be nondischargeable;

b. For an award of attorney's fees according to proof at trial;

c. For costs of suit incurred herein; and

d. That such further relief be granted to Plaintiff as the Court deems proper.

DATED:

BAYER, WISHMAN & LEOTTA

By /s/ Marcus G. Tiggs
MARCUS G. TIGGS
Attorneys for Plaintiffs

=

# EXHIBIT 1



 This page is part of your document - DO NOT DISCARD 

05 0491923

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

1:01 PM MAR 03 2005

**TITLE(S) :**


L E A D   S H E E T

FEE

| FEE $ 31 YY |
| DAF $ 2 |
| C-20   9 |

D.T.T

**CODE**
20

**CODE**
19

**CODE**
9

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.     Number of AIN's Shown

 THIS FORM NOT TO BE DUPLICATED 

RECORDING REQUEST BY

05  0491923

WHEN RECORDED MAIL TO

NAME Rollston Henderson

MAILING ADDRESS Rasmussen, & Crabb
591 Tahoe Keys Blvd
#08

CITY, STATE ZIP CODE South Lake Tahoe, CA
96150

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

JUDGMENT

R428 6/94

```
1  Robert M. Henderson, SBN 59486
   ROLLSTON, HENDERSON, RASMUSSEN & CRABB
2  591 Tahoe Keys Blvd., Ste. D8
   South Lake Tahoe, CA 96150
3  Telephone: 530.544.1785
   Facsimile: 530.544.5053
4
5  Attorneys for Intervenor Steven Krause
```

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 2 5 2005

JOHN A. CLARKE, CLERK
BY P. CORTEZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

CENTRAL JUDICIAL DISTRICT - (UNLIMITED JURISDICTION)

| | |
|---|---|
| WENDY L. KRAUSE, Individually, and STEVEN C. KRAUSE, Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust,<br><br>　　　Plaintiffs and Intervenor,<br>v.<br><br>DANIEL P. CARR,<br><br>　　　Defendant.<br>_____<br>AND RELATED ACTIONS<br>_____ | **LEAD CASE NO: BC294458**<br>(LASC - Central)<br>[Case Assigned to Hon. Ricardo Torres - Dept. 14]<br>(Consolidated with Case No. 03R0028)<br>(LASC - Malibu)<br><br>**JUDGMENT QUIETING TITLE TO REAL PROPERTY AND FOR DAMAGES** |

　　　The above matter came on regularly for trial on January 24, 2005, before the Hon. Ricardo Torres. Plaintiff Wendy L. Krause appeared *in propria persona*, Robert M. Henderson, Esq. appeared for Plaintiff and Intervenor Steven C. Krause, Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust dated August 20, 1996, (Trust) and G. Richard Green, Esq. appeared for Defendant Daniel P. Carr.

　　　Upon considering all of the evidence, both oral and documentary, together with the arguments

Case 1:06-ap-01046-KT   Doc 1   Filed 01/20/06   Entered 01/20/06 10:07:57   Desc
Main Document   Page 9 of 16

of Ms Krause and counsel, on January 27, 2005, the court announced its decision and pursuant thereto the court finds as follows:

With regard to the Second Cause of Action for Fraud in the Complaint To Quiet Title, For Fraud, Trespass, Conversion, Assault, Intentional Infliction Of Emotional Distress, Injunctive Relief, Declaratory Relief And Negligence (filed April 22, 2003)[1] the Court finds (1) defendant Daniel P. Carr made a promise of a material matter to Wendy Krause and at the time the promise was made defendant Carr did not intend to perform the promise — the promise was that defendant Carr would put the subject property into his name only for a short period of time and then he would return it to her, (2) the promise was made with the intent to defraud plaintiff in that the promise was made for the purpose of inducing Wendy Krause to rely upon it, (3) Wendy Krause relied upon the false promise and such reliance was reasonable and justified, (4) as a result of the reliance upon defendant Carr's promises, plaintiffs sustained damage — the four properties were taken from the Trust by the false deeds, (5) defendant Carr committed fraud, and (6) each of these findings is supported by evidence much beyond a preponderance.

With regard to the First Cause of Action for Quite Title, the Court has found fraud, and title to the subject properties is quieted back into the Trust where it belongs as of January 2, 2003.

With regard to the Third Cause of Action for Trespass, the Court finds there was a trespass by defendant Carr in that defendant Carr did not have a right to be on the subject property from January 3, 2003, to the present.

With regard to the Fourth Cause of Action for Conversion, the Court finds that there was no consideration given for any of the property taken and that the personal property taken by defendant Carr was converted.

With regard to the Fifth Cause of Action for Assault, no evidence was presented and, therefore, that cause of action is dismissed.

With regard to the Sixth Cause of Action for Intentional Infliction of Emotional Distress, the

---

[1] All further references to causes of action are to the causes of action in the Complaint To Quiet Title, etc. and the First Amendment To Complaint To Quiet Title, etc. and the Complaint In Intervention (filed pursuant to Minute Order October 4, 2004).

05 0491923        2        Judgment Quieting Title and for Damages

Court finds that this cause of action was proven by a preponderance of the evidence in that (1) defendant Carr's conduct was outrageous, (2) defendant Carr acted with reckless disregard of the likelihood that Wendy Krause would suffer emotional distress and (3) it inflicted great emotional distress upon Wendy Krause and she suffered damages.

With regard to the Seventh Cause of Action the Court grants injunctive relief, defendant Carr is ordered to remain at least 100 hundred yards from the subject properties.

With regard to the Eighth Cause of Action for Declaratory Relief the Court finds by a preponderance of the evidence that the deeds (exhibits 3, 4, 5, and 6) that were presented to the Court were prepared by Mr. Carr and are declared null and void.

With regard to the Ninth Cause of Action for Negligence, this cause of action is dismissed.

With regard to the Ninth (sic) Cause of Action for Undue Influence the Court finds that defendant Carr unduly influenced Wendy Krause as defined in Civil Code Section 1575 in that (1) sometime in 2002 defendant Carr befriended Wendy Krause and ingratiated himself to her, (2) as a result of a terrible accident Wendy Krause was in a great amount of pain and under the pressure associated with a tremendous amount of medical bills, (3) defendant Carr gave Wendy Krause drugs and valium and got her to a point where she was, as Mr. Sanchez testified, in a drunken state, (4) over a period of time defendant Carr gained Wendy Krause's trust and, (5) eventually got her to sign a power of attorney, and unduly influenced her.

With regard to the Tenth Cause of Action for Breach of Fiduciary Duty, the Court finds that (1) the minute that defendant Carr signed the general power of attorney in February 2002 he had a fiduciary duty to the person that had given him the power of attorney — Wendy Krause and (2) defendant Carr breached the fiduciary duty by all of the conduct that he did here, transferring the property over to himself.

With regard to the Eleventh Cause of Action that Defendant Carr is not a bonafide purchaser for value, the Court finds that no value was given for the deeds to the subject properties and, therefore, defendant Carr is not a bonafide purchaser.

With regard to the subject of punitive damages (Civ. Code § 3294) the Courts finds by clear and convincing evidence that there was malice, oppression, and fraud and that what defendant Carr

1  did in this case is despicable and would be looked down upon by any reasonable person. Punitive damages are warranted.

With regard to damages, the Court finds general compensatory damages for the fraud, conversion, infliction of emotional distress, undue influence, and the breach of fiduciary duty in the amount of $200,000. Punitive damages will be assessed in the amount of $50,000.

NOW THEREFORE, judgment is entered in favor of plaintiffs and against defendant Daniel P. Carr as follows:

1. Title to the real property located at 1705 California Trail, 1715 California Trail, and 1700-1705 Topanga Canyon Boulevard, Topanga, California, is quieted as of January 2, 2003, in the name of Steven C. Krause, Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust dated August 20, 1996, and more particularly described as follows:

    a. The property located in Los Angeles County, California, the legal description of which is as follows: those portions of Lots 5 and 7 in Block 17 of Tract No. 8545, in the County of Los Angeles, State of California, as per map recorded in Book 108, Page(s) 75 to 77 inclusive of Maps, in the office of the County Recorder of said County, shown as Parcels 21, 22, 23, 24, 25, 26, and 27 of Block 17 on the Map showing Survey of Blocks 1 to 30 inclusive Tract No. 8545 divided into Parcels filed in Book 16, Page 48 of Records of Surveys in the office of the said County Recorder, together with that portion of Topanga Canyon Road, vacated adjacent to the South of said Block 17, EXCEPT the Northerly 25.00 feet of Lot 27 of Block 17, per Record of Survey recorded in Book 16, Page 48 of Record of Surveys. APN Nos. 4441-038-007-02-000 & 4441-038-015-02-000.

    b. The property located in Los Angeles County, California, the legal description of which is as follows: those portions of Lots 7 and 8 in block 17 of Tract 8545, in the unincorporated territory of the County of Los Angeles, State of California, as per map recorded in Book 108, Page(s) 75 through 77 of Maps, in the office of the County Recorder of said County, shown as Parcels 28, 29, 30, 31, 32, 33, and 34 of Block 17 on the Map showing survey of Blocks 1 to 30 inclusive, Tract No. 8545, divided into Parcels, filed in Book 16, Page 48, of Records of Surveys in the office of the County Recorder of said County. APN No. 4441-038-013-02-000.

    c. The property located in Los Angeles County, California, the legal description of which is as follows: that portion of Lot 8 in Block 17 of Tract No. 8545, in the County of Los Angeles, State of California, as per Map Recorded in Book 108, Page(s) 75 through 77 of Maps, in the Office of the County Recorder of said County shown as Parcel 35 of Block 17 on Map showing Survey of Block 1 through 30 inclusive, Tract No. 8545, divided into Parcels, filed in Book 16, Page 48 of Records of Surveys in the Office of the County Recorder of Los Angeles County. APN No. 4441-038-014-02-000.

//

//

05 0491923

      d.      The property located in Los Angeles County, California, the legal description of which is as follows: Property 1 — those portions of Lots 5 and 6 in Block 17 of Tract No. 8545, in the County of Los Angeles, State of California, as per Map recorded in Book 108, Page(s) 75 through 77 of Maps, in the Office of the County Recorder of said County shown as Parcels 17 through 20 on the Map showing Survey of Blocks 1 to 30 inclusive, of Tract No. 8545, divided into Parcels filed in Book 16, Page 48 of Records of Survey, in the Office of the County Recorder of said County, except that portion lying within Topanga Canyon Boulevard. Property 2 — those portions of Lots 6 and 7 in Block 17 of Tract No. 8545 in the County of Los Angeles, State of California, as per Map Recorded in Book 108, Page(s) 75 through 77 of Maps, in the Office of the County Recorder of said county shown as Parcels 36 through 41 and the Northerly 25 feet of Parcel 27 in Block 17 on the Map showing Survey of Blocks 1 through 30, inclusive, of Tract No. 8545, divided into Parcels filed in Book 16, Page 48 of Records of Survey, in the Office of the County Recorder of Los Angeles County. APN Nos. 4441-038-006-02-000 & 4441-038-016-02-000.

2.    The following grant deeds are set aside and are declared void and of no effect whatsoever:

      a.      The Grant Deed executed by Wendy L. Krause as Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust granting the real property described therein to Daniel P. Carr dated January 2, 2003, and recorded in the official records of Los Angeles County, California on January 3, 2003, as instrument number 03-0027302.

      b.      The Grant Deed executed by Wendy L. Krause as Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust granting the real property described therein to Daniel P. Carr dated January 2, 2003, and recorded in the official records of Los Angeles County, California on January 3, 2003, as instrument number 03-0027303.

      c.      The Grant Deed executed by Wendy L. Krause as Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust granting the real property described therein to Daniel P. Carr dated January 2, 2003, and recorded in the official records of Los Angeles County, California on January 3, 2003, as instrument number 03-0027304.

      d.      The Grant Deed executed by Wendy L. Krause as Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust granting the real property described therein to Daniel P. Carr dated January 2, 2003, and recorded in the official records of Los Angeles County, California on January 3, 2003, as instrument number 03-0027305.

3.    Daniel P. Carr is permanently enjoined and restrained from coming within 100 yards of the real property described above and generally known as 1705 California Trail, 1715 California Trail, and 1700-1705 Topanga Canyon Boulevard, Topanga, California.

4.    For general damages in the sum of $200,000.

5.    For punitive damages in the sum of $50,000.

//

//

6.    For costs in the sum of $_____.[2]

7.    Daniel P. Carr shall take nothing by way of his cross-complaint filed in Case No. BC294458 and he shall take nothing by way of the complaint filed in the consolidated case, Case No. 03R0028.

DATED: February 25, 2005

_____
Ricardo Torres, Judge of the Superior Court

---

[2] Pursuant to Rule 870(b)(4), California Rules of Court, after the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk shall enter the costs on the judgment forthwith.

05 0491923    6    Judgment Quieting Title and for Damages

## PROOF OF SERVICE BY MAIL & FAX

I declare that I am employed in the County of El Dorado, State of California. I am over the age of 18 and not a party to the within action. My business address is 591 Tahoe Keys Boulevard, Suite D8, South Lake Tahoe, California 96150. I am readily familiar with the business practices of Rollston, Henderson, Rasmussen & Crabb for collection and processing of correspondence for fax and mailing with the U.S. Postal Service that same day in the ordinary course of business.

On this date I served a copy of the JUDGMENT QUIETING TITLE TO REAL PROPERTY AND FOR DAMAGES by enclosing same in a sealed envelope, postage fully prepaid and placing same for collection and mailing on this date following ordinary business practices of Rollston, Henderson, Rasmussen, & Crabb, South Lake Tahoe, California, addressed in the manner hereinbelow set forth.

Wendy Krause
1705 California Trail
Topanga, CA 90290
(via U.S. Mail only)

Daniel P. Carr
6845 Newcastle Avenue
Reseda, CA 91335
(818-776-0098)

G. Richard Green, Esq.
Green & Marker, Attorneys at Law
1875 Century Park East, Ste. 1880
Los Angeles, CA 90067
(310-201-0461)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 3, 2005, at South Lake Tahoe, California.

_____
Natacha M. Madrigal

05 0491923

## PROOF OF SERVICE BY MAIL & FAX

      I declare that I am employed in the County of El Dorado, State of California. I am over the age of 18 and not a party to the within action. My business address is 591 Tahoe Keys Boulevard, Suite D8, South Lake Tahoe, California 96150. I am readily familiar with the business practices of Rollston, Henderson, Rasmussen & Crabb for collection and processing of correspondence for fax and mailing with the U.S. Postal Service that same day in the ordinary course of business.

      On this date I served a copy of the JUDGMENT QUIETING TITLE TO REAL PROPERTY AND FOR DAMAGES by enclosing same in a sealed envelope, postage fully prepaid and placing same for collection and mailing on this date following ordinary business practices of Rollston, Henderson, Rasmussen, & Crabb, South Lake Tahoe, California, addressed in the manner hereinbelow set forth.

Wendy Krause
1705 California Trail
Topanga, CA 90290
(via U.S. Mail only)

Daniel P. Carr
6845 Newcastle Avenue
Reseda, CA 91335
(818-776-0098)

G. Richard Green, Esq.
Green & Marker, Attorneys at Law
1875 Century Park East, Ste. 1880
Los Angeles, CA 90067
(310-201-0461)

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 3, 2005, at South Lake Tahoe, California.

_____
Natacha M. Madrigal

05 0491923

| B 104 (Rev.4/95) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| WENDY L KRAUSE, individually, and STEVEN C. KRAUSE, Trustee of the Norman H. Krause and Wendy L. Krause Revocable Living Trust<br><br>Address | DANIEL PATRICK CARR<br><br>Address<br>6318 Newcastle Ave<br>Reseda, CA. 91335 |
| ATTORNEYS (Firm Name, Address, and Telephone Number)<br>MARCUS G. TIGGS<br>BAYER, WISHMAN & LEOTTA<br>888 S. Figueroa Street, Ste 1970<br>Los Angeles, CA. 90017<br>213-629-8801     BAR NO.: 137467 | ATTORNEYS (If Known)<br><br><br><br>BAR NO.: |

**PARTY** (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. Statutes involved)
Complaint to Determine Dischargeability of Debt under 11 USC 523

**NATURE OF SUIT**
(Check the one most appropriate box only)

- ☐ 454 To recover money or property
- ☐ 435 To determine validity, priority, or extent of a lien or other interest in property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan
- ☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only)    ☒ 1 Original Proceeding    ☐ 2 Removed Proceeding    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another Bankruptcy Court    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND** NEAREST THOUSAND $ 300.00    OTHER RELIEF SOUGHT    ☐ JURY DEMAND

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>DANIEL PATRICK CARR | BANKRUPTCY CASE NUMBER:<br>SV05-21066 KT | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISIONAL OFFICE<br>SAN FERNADO VALLEY | NAME OF JUDGE<br>KATHLEEN THOMPSON |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF<br>None | DEFENDANT | ADVERSARY PROCEEDING NUMBER: |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only)    ☒ FEE ATTACHED    ☐ FEE NOT REQUIRED    ☐ FEE IS DEFERRED

| DATE<br>1/18/06 | PRINT NAME<br>MARCUS G. TIGGS | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* |
|---|---|---|

B104